IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WARREN THOMAS JOSEPH                                                        PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:11cv180 HSO-JMR

MICHAEL ASTRUE                                                              DEFENDANT

## REPORT AND RECOMMENDATIONS

This matter comes before the Court , *sua sponte* ,regarding the failure of the Plaintiff to respond to the Court's Order to Show Cause which was filed on December 19,2011 [5-1].

Plaintiff filed his Complaint on April 20,2011.[1-1] On that date, he filed a Motion to Proceed In Forma Pauperis [2-1] . On June 20,2011, after reviewing Plaintiff 's Complaint , the Court found that Plaintiff could proceed *In Forma Pauperis* [4-1] after analyzing the relevant factors pursuant to 28 U.S.C.§1915. The Court further considered that Plaintiff was warned that failure to properly serve the Defendant within 120 days from the day of this Order might result in dismissal of this action. On April 20,2011, Plaintiff was also provided a copy of the Court's Standing Local Order with regard to social security cases.[3-1]

The Order was sent to Plaintiff as his last known address. Plaintiff has not contacted or communicated the Court or served a summons as required by the Court's Order of June 20,2011[4-1]. Plaintiff has not responded to the December 19,2011 Order to Show Cause [5-1] which required that he respond in writing to be submitted on the record on or prior to January 4,2012 as to why this action should not be dismissed based on the Plaintiff's failure to prosecute this matter and comply with the Court's June 20,2011 Order. On December 19,2011,the Court

further ordered Plaintiff to properly serve the Defendant. Plaintiff has not attempted to properly serve the Defendant. The Clerk of Court sent this Order to the Plaintiff at his last known address and he signed the return receipt which was sent back to the Court on December 27,2012. [6-1] To date, Plaintiff has failed to communicate further with the Court, either to inquire as to the status of his case or to attempt to comply with the Court's Orders.

It is apparent from the Plaintiff's failure to comply with Orders of this Court or to otherwise communicate with this Court, that Plaintiff has a lack of interest in pursuing these claims. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte.* Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia* , "for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against him." *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.1978); *Larson v. Scott*, 157 F.3d 1030,1032 (5th Cir. 1998).

The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link, supra*, 370 U.S. at 630.

Based on the foregoing, this Court is of the opinion that the plaintiff has failed in her obligation to respond in accordance with the Court's Orders and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, this Court recommends that this cause be dismissed without prejudice for

the plaintiff's failure to prosecute and failure to comply with Rule 41(b) of the Federal Rules of Civil Procedure.

In accordance with Rules of this Court, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal- unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).Clerk of Court is instructed to send a copy of this order to the Plaintiff at his last known address by certified mail and filed the return receipt in the record.

THIS the 1st day of March,2012

*S/John M Roper,Sr.*
UNITED STATES MAGISTRATE JUDGE
